| | | |
|---|---|---|
| STATE OF SOUTH DAKOTA | ) | IN CIRCUIT COURT |
| | ) § | |
| COUNTY OF PENNINGTON | ) | SEVENTH JUDICIAL CIRCUIT |

File No. _____

| | |
|---|---|
| SEBASTIEN POCHAT<br>and TONI POCHAT, | ) ) ) |
| Plaintiffs, | ) ) |
| | ) **COMPLAINT** |
| v. | ) ) |
| STATE FARM MUTUAL<br>AUTOMOBILE INSURANCE<br>COMPANY, | ) ) ) |
| | ) |
| Defendant. | ) |

COMES NOW the above named Plaintiffs, Sebastien and Toni Pochat, by and through their counsel, Robin Zephier, and for their Complaint and causes of action against the above named Defendant, states and alleges as follows:

1.     Plaintiffs Sebastien Pochat and Toni Pochat are residents of Rapid City, Pennington County, State of South Dakota.

2.     To Plaintiffs Sebastien and Toni Pochat's belief, Defendant State Farm Mutual Automobile Insurance Company is based in Bloomington, Illinois and doing business in Pennington County, South Dakota, and throughout the State of South Dakota.

3.     On or about August 28, 2003, Plaintiff Sebastien and Toni Pochat were traveling west bound on Colfax Avenue in Aurora, Colorado when, Jimenez Bernal Humberto, an uninsured motorist, did fail, in the operation of the motor vehicle he was driving, to exercise that ordinary care and skill which a reasonably prudent person would

Page 1 of 8

have so exercised under similar circumstances, to the end that the motor vehicle which

tortfeasor Jiminez Bernal Humberto was operating collided into the rear-end of a motor

vehicle being driven by Plaintiff Sebastien Pochat, and in which Plaintiff Toni Pochat was a

passenger.

4.     As a direct and proximate result of the above-described negligence of

tortfeasor Jiminez Bernal Humberto, Plaintiffs Sebastien and Toni Pochat sustained

numerous severe and painful injuries to their persons, both temporary and permanent.

5.     By reason of the above-described negligence of tortfeasor Jiminez Bernal

Humberto in directly and proximately causing the injuries sustained by Plaintiffs, Sebastien

and Toni Pochat sustained personal injuries and have been required to and have incurred

bills and expenses for the services of various medical providers and other expenses related

to the treatment of the injuries each Plaintiff sustained in the subject accident.  Presently the

total of these expenses exceeded Fifteen Thousand Dollars ($15,000.00) for Sebastien

Pochat and Nine Thousand Dollars ($9,000.00) for Toni Pochat.  Plaintiffs Sebastien and

Toni Pochat are informed and believe that by reason of the personal injuries they sustained

in the subject accident, they will continue to require treatment and services for an

undetermined period of time into the future to the end that each will incur additional

expenses in the future.

6.     By reason of the uninsured motorist's Jiminez Bernal Humberto's above-

described negligence in directly and proximately causing the injuries sustained by the

Plaintiffs, Sebastien and Toni Pochat have suffered excruciating physical pain and loss of

their enjoyment of life and which in all reasonable probability, each will continue to suffer

pain, anguish and loss of the enjoyment of life for the remainder of their lives.

## COUNT ONE
## BREACH OF CONTRACT

    Plaintiffs Sebastien and Toni Pochat hereby incorporate paragraphs one through six

(1-6) of this Complaint, as if fully set forth herein.

    7.    Upon information and belief, Jiminez Bernal Humberto is an uninsured

motorist.

    8.    The Plaintiffs Sebastien and Toni Pochat have a contract of insurance with

Defendant State Farm Mutual Automobile Insurance Company which provides coverage

for personal injuries, damages and entitlement to benefits, caused by uninsured and

underinsured motorists, for which Plaintiffs Sebastien and Toni Pochat have paid valuable

consideration in the form of first party premiums.

    9.    That Defendant State Farm Mutual Automobile Insurance Company has

refused to honor its contract of insurance and has breached that contract, including but not

limited to, failure to pay or acknowledge responsibility to pay for all of Plaintiffs Sebastien

and Toni Pochats' reasonable and necessary medical care and other bodily injury damages,

to a fair and reasonable amount.

    10.    That Defendant State Farm Mutual Automobile Insurance Company has

breached its contract by refusing to pay the first party Uninsured Motorist (UM) benefits

owed to Plaintiffs for past, present and future pain and suffering and loss of enjoyment of

life, to a fair and reasonable degree and amount for each Plaintiff, and Defendant and its

agents refused to acknowledge the need for such assistance and benefits of the contract,

thereby damaging Plaintiffs' benefit of the bargain and their collective peace of mind.

## COUNT TWO
### BAD FAITH

Plaintiffs Sebastien Pochat and Toni Pochat hereby incorporate paragraphs one

through ten (1-10) of this Complaint as is fully set forth herein.

11.     That Defendant State Farm Mutual Automobile Insurance Company has

acted in bad faith in rejecting most, if not a significant part, of Plaintiffs Sebastien Pochat's

and Toni Pochat's first party UM claims and by failing to reasonably settle this first party

claim/case within policy limits and furthermore, by failing to promptly pay the claim as

requested by Plaintiffs Sebastien and Toni Pochat, their insureds, after legal liability and

legal causation of said damages caused by the negligence of uninsured motorist Jiminez

Bernal Humberto, were both reasonably clear.

12.     That Defendant State Farm Mutual Automobile Insurance Company has

acted in bad faith by failing to reasonably and promptly provide information from Plaintiffs

Sebastien and Toni Pochat's insurance agency's file upon Plaintiffs Sebastien and Toni

Pochat's reasonable written request, to the detriment of Plaintiffs Sebastien and Toni

Pochat.

13.     That Defendant State Farm Mutual Automobile Insurance Company has

acted in bad faith in its failure to adequately inform and otherwise reasonably advise

Plaintiffs Sebastien and Toni Pochat of the existence of urgently needed and available

supplemental insurance coverages which were available to Plaintiffs Sebastien and Toni

Pochat, to their personal and economic damage.

14.     That Defendant State Farm Mutual Automobile Insurance Company has

acted in bad faith for seeking to collect separate premiums for separate and distinct

coverages under Medical Payments Coverage (MPC) and Uninsured Motorist (UM)

coverages/benefits, while attempting to collect double "subrogation" benefits as a setoff of

the $5,000.00 in MPC benefits paid by contract, as against the $100,000.00 policy limit of

the per person UM benefits.

15.     That by reason of the foregoing, the Defendant State Farm Mutual

Automobile Insurance Company is liable to the Plaintiffs Sebastien Pochat and Toni Pochat

for an amount to be determined by a jury and, in addition thereto, for the Plaintiffs

Sebastien and Toni Pochats' attorney fees, costs and expenses of this action because of

vexatious and unreasonable refusal to pay reasonable damages to its insured; and for

punitive and exemplary damages in the sum to be set by a jury herein, after giving due

consideration to the net worth and earnings of the Defendant State Farm Mutual

Automobile Insurance Company.

16.     That Defendant State Farm Mutual Automobile Insurance Company and/or

its successors and predecessors in interest has acted in bad faith by failing to reasonably

investigate the Plaintiff Sebastien Pochat's and Toni Pochat's UM bodily injury claims with

a review by a medical doctor, and not just adjustors and non physicians, before August 12,

2005, thereby unreasonably delaying the payment of Plaintiff Sebastian Pochat's and Toni

Pochat's owed first party UM benefits, which Plaintiffs were in dire financial need to

receive. Defendant by and through his agents, knew the Plaintiffs were struggling

financially, and used that fact to force an unreasonable UM claim payment to them.

     17.     That Defendant State Farm Mutual Automobile Insurance Company and/or

its successors and predecessors in interest has acted in bad faith by unfairly and

unreasonably using a computer software claims adjusting program(s) or system(s) in

adjusting the Plaintiffs' UM claims. This software program is one of several competing

expert software systems used purportedly for valuing verdict values of bodily injury claims.

These systems are represented to the public, when they are disclosed at all, as a "tool" for

helping the adjustor to reach the injury value due to the insured or claimant. Defendant

State Farm Mutual Automobile Insurance Company allegedly uses this computer program

to delay and undervalue claims, to save money for the insurer at the claimant's expense.

     18.     That Defendant State Farm Mutual Automobile Insurance Company

denied Plaintiff Sebastien Pochat's and Toni Pochat's submitted actual incurred medical

expenses to Defendant State Farm Mutual Automobile Insurance Company for payment.

Defendant State Farm Mutual Automobile Insurance Company denied payment of Dr.

Fisks' bill because Plaintiff Sebastien Pochat's $5,000.00 MPC benefits had been

exhausted. Defendant State Farm Mutual Automobile Insurance Company denied payment

of other outstanding medical bills even though Plaintiff Sebastien Pochat and Toni Pochat

had $100,000.00 each in UM benefits to cover the outstanding bills. The Defendant has

elevated its own financial interest over that of the physical, emotional, and financial interests of its own insureds.

## COUNT THREE
## PUNITIVE DAMAGES

Plaintiffs Sebastien Pochat and Toni Pochat hereby incorporate paragraphs one through eighteen (1-18) of this Complaint as if fully set forth herein.

19.     In doing all the things herein alleged, Defendant State Farm Mutual Automobile Insurance Company acted intentionally, recklessly, vexatiously, oppressively and/or maliciously and was guilty of a wanton and reckless disregard of the contractual and statutory rights of the Plaintiffs Sebastien and Toni Pochat.

20.     Plaintiffs Sebastien and Toni Pochat are entitled to punitive damages as the only way of deterring State Farm Mutual Automobile Insurance Company from continuing to employ these wrongful, unreasonable and vexatious tactics against their own policyholders.

WHEREFORE, Plaintiffs Sebastien and Toni Pochat pray for judgment against the Defendant State Farm Mutual Automobile Insurance Company as follows:

1.     For the actual expenses incurred in the treatment of the injuries sustained by Sebastien Pochat in the subject accident and for the actual expenses incurred incidental to the said injuries, past, present and future, and to the procuring of said treatment to the date of trial, together with interest thereon;

2.     For such monetary compensation as shall fully compensate for the pain,

anguish, and loss of enjoyment of life, loss of past wages and loss of earning capacity sustained by Sebastien Pochat and Toni Pochat to the date of trial and which is likely to continue into the future, in a sum to be determined by the jury in this case;

3.      For an additional sum as and for punitive or exemplary damages in an amount to be set by the jury herein, based upon the Defendant State Farm Mutual Automobile Insurance Company's net worth and earnings;

4.      For Plaintiffs Sebastien and Toni Pochat's attorney fees, costs, and expenses of these proceedings because of Defendant's vexatious and unreasonable refusal to pay;

5.      For prejudgment interest on any award to which Plaintiffs Sebastien and Toni Pochat are held entitled to by the jury; and

6.      For such other and further relief as the Court deems just and equitable.

DATED this _22nd_ day of January, 2008.

ABOUREZK & ZEPHIER

By: _____
Robin L. Zephier
Attorneys for Plaintiffs
Post Office Box 9460
2020 W. Omaha St.
Rapid City, South Dakota 57709
(605) 342-0097

**TRIAL BY JURY IS HEREBY DEMANDED**