UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| SEBASTIEN POCHAT and TONI POCHAT, ) | CIV. 08-5015 KES |
| ) | |
| Plaintiffs, ) | **STIPULATION FOR** |
| ) | **CONFIDENTIALITY** |
| vs. ) | **AGREEMENT AND** |
| ) | **PROPOSED PROTECTIVE** |
| STATE FARM MUTUAL AUTOMOBILE ) | **ORDER** |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |

**WHEREAS**, Sebastien Pochat and Toni Pochat (hereinafter referred to as ("Pochat") and State Farm Mutual Automobile Insurance Company (hereinafter collectively referred to as " State Farm") have litigation pending; and

**WHEREAS**, as a result of the pending litigation, the parties will be exchanging documentation; and

**WHEREAS**, the parties are in agreement as to the confidentiality of such information; and

**WHEREAS**, Rule 26 (c) of the Federal Rules of Civil Procedure provides for the issuance of protective orders limiting the disclosure of discovered information in appropriate circumstances, and good cause having been shown,

**IT IS STIPULATED AND AGREED AS FOLLOWS:**

1. CONFIDENTIALITY AGREEMENT. The undersigned acknowledge as part of the litigation procedure Pochat will be given the right to review business documentation and files of State Farm. Communication of such confidential/ trade secret



EXHIBIT A

information to third parties could cause damage to the business of State Farm. The undersigned therefore shall take reasonable steps to insure that such information regarding the examination of these documents shall remain confidential and not be disclosed or revealed to outside sources. Confidential information or trade secret includes information ordinarily known only to State Farm personnel, and includes such information as the business records and files of State Farm, and otherwise documents designated as confidential information or trade secret by State Farm. The parties shall follow the rules of the Stipulation for Protective Order provided herein.

    2.    Either party may submit this Stipulation to the Court for a Protective Order.

    3.    This Stipulation and Protective Order ("Protective Order") governs the treatment of all information contained in documents, depositions, and deposition exhibits, interrogatory answers, responses to requests for admissions and other written, recorded, computerized, electronic or graphic matter, copies, excerpts or summaries of documents ("Discovery Material") produced by any party or non-party ("Producing Party") in the above captioned matter ("Action").

    4.    Any Producing Party may designate as confidential or trade secret any discovery material that it believes, in good faith, contains trade secrets or other confidential research, development or commercial information in accordance with Rule 26(c). All discovery material so designated shall be referred to in this Protective Order as "confidential material" or "trade secret." These designation shall apply regardless of the form in which the confidential/trade secret material is kept or maintained, and extends to any documents, including exhibits, copies, notes, abstracts, summaries, or analyses, to the

extent that such documents reflect confidential/trade secret material. However, nothing shall be regarded as confidential/trade secret material if it is in the public domain at the time of disclosure as evidenced by a written document or becomes part of the public domain through no fault of the other party, as evidenced by a written document. Furthermore, nothing shall be regarded as confidential/trade secret material if the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure provided such third party has the right to make the disclosure to the receiving party. All confidential/trade secret material shall be handled in strict accordance with the terms of this Protective Order.

    5.    All confidential/trade secret material in the form of physical objects or documents shall be designated by stamping or affixing on the face of the document and on each page or portion thereof: **"CONFIDENTIAL"** or **"TRADE SECRET."** The designation shall subject material or a document, its contents, or any portion thereof, to this Protective Order without any further act on the part of the Producing Party.

    6.    Confidential/trade secret material that is designated "**CONFIDENTIAL**" or **"TRADE SECRET"** may be disclosed or made available without written consent from the Producing Party **only** to the following persons:

    (a)    The parties to this litigation, including named plaintiffs and defendant, *provided that* any such person(s) execute an undertaking to

be bound by this Protective Order in the form attached hereto as Exhibit A (the "Undertaking") prior to any disclosure to such person(s), and that a copy of such signed Undertaking is retained by counsel for the party making disclosure to such person(s);

  (b) Counsel for the respective parties to this litigation, including attorneys, paraprofessionals, and employees of such law firms;

  (c) Experts or consultants retained to assist counsel for the parties described in subparagraph 5(a), *provided that* such experts or consultants execute the Undertaking prior to disclosure and a copy of such signed Undertaking is retained by counsel for the party making such disclosure to such expert(s) or consultant(s);

  (d) Authors or recipients of the confidential/trade secret material;

  (e) Employees, officers, and directors of each party to the extent that such person(s) are assisting in the prosecution or defense of the Action, *provided that* such person(s) execute the Undertaking prior to disclosure and a copy of such signed Undertaking is retained by counsel for the party making such disclosures so that it may be shown to counsel for the Producing Party if a request therefore is made;

  (f) Non-party witnesses likely to testify in this Action and their counsel, if separate from counsel to the parties, upon 10 days written notice to counsel for the Producing Party as further detailed in paragraph 14 *provided*

*that* any such persons and any such counsel execute the Undertaking prior to disclosure and a copy or such signed Undertaking is retained by counsel for the party making disclosure so that it may be shown to counsel for the Producing Party if a request therefore is made;

  (g) Any witness deposed in this Action, who shall be provided prior to or at the outset of his, hers, or its deposition or trial testimony with a copy or this Protective Order on the record at the deposition. In such instance, the witness shall be bound by the provisions of this Protective Order and shall be informed that he, she or it (and such person's counsel, if any), is bound by the terms of this Protective Order by virtue of this Order or the Court;

  (h) Stenographers or court reporters who record testimony taken at any time or place in the course of this Action or persons operating video recording equipment of and at such testimony;

  (i) The Court, Court personnel, and any other person designated by the Court in this Action in the interest of justice, upon such terms as the Court may deem proper; and

  (j) Any employee or representative of the Producing Party.

7. Confidential/trade secret material shall be used only for the prosecution and/or defense of this Action, and may be disclosed only under the circumstances and to the persons specifically provided for in this or subsequent Court Orders, or with the prior written consent of the Producing Party.

8. Any party or person in possession of confidential/trade secret material

who receives a subpoena (or other process) from any person (including natural persons, corporations, partnerships, firms, governmental agencies, departments or bodies, boards or associations) who is not a party to this Order, which subpoena seeks production or other disclosure of such confidential/trade secret material, shall promptly give written notice to the counsel for the party who produced or designated the materials as confidential or trade secret identifying the materials sought and enclosing a copy of the subpoena or other process. The Producing Party may move against the subpoena or other process, or otherwise oppose entry of any order by a court of competent jurisdiction compelling production of the confidential/trade secret material. If the Producing Party objects to or moves against the subpoena or other process, the person or party receiving the subpoena or other process shall not produce confidential/trade secret material before the actual due date for compliance and shall not object to or interfere with any effort by the Producing Party to seek a prompt judicial determination on the Producing Party's motion or objection before compliance is required

     9.    The inadvertent failure to stamp a document, or a portion thereof, with the proper "confidential" or "trade secret" designation in no way alters or waives the protected and confidential nature of the document otherwise deserving of such a designation and does not remove it from the scope of this Protective Order, provided that the Producing Party gives such notice in writing within thirty (30) days after becoming aware that the confidential/trade secret information was not properly designated. Such written notice shall identify with specificity the information or documents the Producing

Party is then designating to be confidential/trade secret information and shall promptly provide a replacement copy of such material with the appropriate "confidential" or "trade secret" designation thereupon. Treatment of inadvertently produced confidential/trade secret material in a manner inconsistent with this Protective Order prior to notice of such inadvertent production is not a breach of this Protective Order.

10.     The Producing Party may, on the record of a deposition, or within thirty (30) business days after receipt of the transcript(s) of such deposition, designate in good faith any portion or portions of the deposition as confidential/trade secret material under the terms of this Protective Order. Until the above-referenced 30-day period expires, the entire deposition shall be treated as confidential/trade secret material unless otherwise specified in writing or on the record of the deposition by the Producing Party. All copies of deposition transcripts that contain information or material designated as confidential/trade secret material shall be prominently marked "confidential" or "trade secret" on the cover thereof and on each page that contains confidential/trade secret material and, if filed with the Court, the portions of such transcripts so designated shall be filed in accordance with the provisions of Paragraph 11 *(infra)*.

11.     Unless otherwise provided by applicable court rules, all documents and materials filed with the Court containing or reflecting the contents of confidential discovery information shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the case caption, a generic designation of the contents, the words –"**CONFIDENTIAL**" –"**SUBJECT TO COURT ORDER**" and words in substantially the following form:

> By order dated [   ], the enclosed [name of document], or a portion thereof, has been filed under seal and may not be examined without further Court order.

No party or other person may have access to any sealed document from the files of the Court except the presiding Judge, law clerks and other Court personnel without further Order of the Court. Any party filing documents and material with the Court containing or reflecting the contents of confidential/ trade secret information shall also provide to the Clerk of Court a version of the filing with the confidential discovery information redacted or, as to exhibits to a memorandum or brief, withdrawn.

12. Confidential/trade secret material may be offered into evidence at trial or at any court hearing in open court provided that the Producing Party is notified in advance of any such intended use of confidential/trade secret material. The Producing Party may apply for an order that evidence be received in camera or under other less public circumstances to prevent unnecessary disclosure.

13. Nothing in this Protective Order shall be interpreted to prohibit or prevent the Producing Party from using or discussing its own confidential/trade secret material in any way it sees fit to so use or discuss the material for any reason. Any such use or discussion of confidential/trade secret material shall not be deemed a waiver of the terms of this Protective Order, unless the Producing Party utilizes the information in open court or in a pleading that is not filed under seal.

14. This Protective Order shall not enlarge or affect the scope of permissible

discovery in this Action. Discovery material produced in this Action may only be used in conjunction with this Action except by consent of the Producing Party,

    15.    Disclosure of information protected by the attorney-client, work product or other applicable privilege or protection shall not constitute a waiver of any claim of privilege, and failure to assert a privilege in this litigation as to one document or communication shall not be deemed to constitute a waiver of the privilege as to any other document or communication, even involving the same subject matter. A party that discovers that it has produced privileged or protected information shall request its return within thirty (30) days of the discovery of such production. The privileged or protected information, together with all copies thereof, shall be returned to the party claiming privilege within 5 business days after requested. Any motion challenging the privilege or protection, or otherwise referring to the document(s) at issue, shall be filed under seal.

    16.    The following procedures shall apply to any disputes arising from the designation of Discovery materials as confidential/ trade secret pursuant to this Protective Order:

    (a)    If a party in good faith disagrees with the Producing Party's confidential or trade secret designation, that party shall inform counsel for the Producing Party in writing of that disagreement no later than fourteen (14) days prior to the filing of the final pretrial order;

    (b)    Upon written notification that a party disagrees with a confidential

or trade secret designation, counsel for the objecting party and the Producing Party will confer in a good faith effort to resolve the dispute without Court intervention;

(c) If the dispute is not resolved within fifteen (15) days of the Producing Party's receipt of the objecting party's written notification, the objecting party may invoke the Court rules and procedures for raising discovery disputes. Unless otherwise provided by applicable law, the Producing Party shall bear the burden of proving that information has properly been designated as confidential or trade secret material; and

(d) Until such time as any such judicial process has been initiated and resolved, all parties receiving confidential or trade secret material shall abide by the designation.

17. Each document, material, or other thing, or portion thereof designated as confidential or trade secret shall retain that designation and shall remain subject to the terms of this Protective Order until such time as the parties agree to the contrary or the Court renders a decision that a particular document, material, or other thing, or portion thereof is not subject to this Protective Order, and any and all proceedings or interlocutory appeals challenging such decision have been concluded.

18. Except as otherwise agreed in writing by the parties, within forty-five (45) days after final resolution of this Action (including resolution of appeals or petitions for review), all confidential and trade secret material supplied by a Producing Party and all copies thereof (including, without limitation, copies provided

to testifying or consulting experts) shall, at the possessing party's choice, be returned to the Producing Party, or the party's counsel shall certify to the Producing Party that all such materials in their possession, custody, or control have been destroyed, ***except that*** the parties' respective counsel may retain one (1) complete set of pleadings and papers filed with the Court or served upon the other parties to this Action solely for reference in the event of and only in the event of, further proceedings or litigation in this Action, or a dispute over the use of confidential material subject to the terms of this Protective Order. This Protective Order shall survive the final termination of this Action with respect to any such confidential/trade secret material.

19. Within sixty (60) days after final resolution of this Action, any Producing Party may obtain the return of any of its own previously-sealed or previously-restricted documents filed with the Clerk of Court by moving the Court for the return of such documents. This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Order following the final resolution of this litigation.

20. Upon execution by the parties, this Protective Order shall become effective among such parties who have executed this agreement immediately upon such execution, whether or not it has yet been approved by the Court.

21. Nothing in this Protective Order shall be construed as prejudicing any Producing Party's right to seek an agreement or Court Order providing additional confidentiality or other protections to any confidential or trade secret material produced in this Action. Until such agreement or order is obtained, however, this

Protective Order shall constitute the entire agreement of the parties with respect to the matters covered herein.

22. Any party may apply to this Court, upon written notice, in accordance with the Rules of this Court, for an Order amending, modifying or vacating all provisions of this Protective Order, *except for* the provisions contained in Paragraph 17 *(supra)*.

23. This stipulation may be signed by the parties in counterpart.

THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK

RESPECTFULLY SUBMITTED this ___ day of_____, 2008.

_____
John S. Theeler
Jody Odegaard Smith
of MORGAN THEELER LLP
PO Box 1025, 221 E. Third Ave.
Mitchell, SD 57301-7025
Phone: (605) 996-5588
jtheeler@morgantheeler.com
jsmith@morgantheeler.com

_____
Robin L. Zephier
2020 W. Omaha
PO Box 9460
Rapid City, SD 57709
zephrl@rushmore.com

SO ORDERED, ADJUDGED AND DECREED
this___ day of _____, 2008.

_____
The Honorable Karen E. Schreier

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| SEBASTIEN PCHAT and TONI POCHAT,  )<br>  )<br>       Plaintiffs,  )<br>  )<br>vs.  )<br>  )<br>STATE FARM MUTUAL AUTOMOBILE  )<br>INSURANCE COMPANY,  )<br>  )<br>       Defendants.  ) | CIV. 08-5015 KES<br><br>EXHIBIT A |

The undersigned _____ certifies that he or she has read the Protective Order for Confidentiality dated _____ and agrees to be bound and comply with the terms of the Order

AGREED to this ___ day of _____, 2008.

By:_____
    _____
    Title