UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| SEBASTIEN POCHAT and TONI POCHAT, | ) ) ) | CIV. 08-5015-KES |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | ORDER DENYING DEFENDANT'S MOTION TO DISMISS |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

Defendant, State Farm Mutual Automobile Insurance Company (State Farm), moves to dismiss the complaint filed against it by plaintiffs, Sebastien Pochat and Toni Pochat, for failure to state a claim upon which relief can be granted. Plaintiffs oppose the motion. The motion is denied.

**FACTUAL BACKGROUND**

On or about August 28, 2003, plaintiffs were involved in a car accident in Colorado with an uninsured motorist, and they sustained numerous injuries. Plaintiffs have a contract of insurance with State Farm, which provides coverage for personal injuries and damages caused by uninsured and underinsured motorists. Plaintiffs submitted claims to State Farm, and State Farm made an uninsured motorist claim payment to each of them. Subsequently, plaintiffs brought this lawsuit, alleging breach of

contract and bad faith. Plaintiffs are requesting money for damages, attorney's fees, costs and expenses, and punitive damages.

## MOTION TO DISMISS STANDARD

Rule 12(b)(6) requires the court to review only the pleadings to determine whether they state a claim upon which relief can be granted. In considering a motion to dismiss, the court assumes all facts alleged in the complaint are true, construes the complaint liberally in the light most favorable to the plaintiff, and should dismiss only if "it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle the plaintiff to relief." Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994). "The issue is not whether a claimant will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686, 40 L. Ed. 2d 90 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183, 191, 104 S. Ct. 3012, 3017, 82 L. Ed. 2d 139 (1984).

## DISCUSSION

State Farm moves to dismiss the claims filed against it, arguing that plaintiffs' acceptance of checks from it in settlement of the uninsured motorist claims constituted an accord and satisfaction. State Farm asserts that plaintiffs accepted the settlement drafts from it with full knowledge that

the drafts were to act as complete payment for their uninsured motorist claims. State Farm further argues that although an accord and satisfaction is voidable if obtained through duress, in this case, plaintiffs were not under such duress because the parties simply negotiated a settlement and State Farm did not pressure or coerce plaintiffs into settlement.

In their complaint, plaintiffs assert that they had an insurance contract with State Farm, that State Farm breached this contract by failing to pay or acknowledge the responsibility to pay for all of their reasonable and necessary medical care and other bodily injuries, and that they suffered damages as a result. Assuming all allegations in the complaint are true, plaintiffs have properly stated a claim for breach of contract. See Weitzel v. Sioux Valley Heart Partners, 714 N.W.2d 884, 894 (S.D. 2006) (stating that the elements of breach of contract are an enforceable promise, a breach of the promise, and resulting damages).[1]

Additionally in their complaint, plaintiffs assert that State Farm acted in bad faith by failing to settle their claim within policy limits, by failing to promptly pay their claim, by failing to promptly provide them information from their insurance file, and by failing to adequately inform and advise them of the availability of supplemental insurance coverages. Plaintiffs further allege that State Farm acted in bad faith by "seeking to collect

---

[1] South Dakota substantive law governs this diversity action. See Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 886 (8th Cir. 2006).

separate premiums for separate and distinct coverages under Medical Payments Coverage (MPC) and Uninsured Motorist (UM) coverages/benefits, while attempting to collect double 'subrogation' benefits as a setoff of the $5,000.00 in MPC benefits paid by contract, as against the $100,000.00 policy limit of the per person UM benefits." (Docket 1, Ex. 3 at 5). Plaintiffs finally allege that State Farm acted in bad faith by using its knowledge that they were struggling financially to force them to accept an unreasonable claim payment and by utilizing computer software to adjust their claims which delayed and undervalued their claims. Plaintiffs also request punitive damages because State Farm allegedly acted intentionally, recklessly, vexatiously, oppressively, and maliciously. Again, assuming all allegations in the complaint are true, plaintiffs have properly stated a claim for bad faith. See Julson v. Federated Mut. Ins. Co., 562 N.W.2d 117, 119 (S.D. 1997) (stating "for proof of bad faith, there must be an absence of a reasonable basis for denial of policy benefits [or failure to comply with a duty under the insurance contract] *and* the knowledge or reckless disregard [of the lack] of a reasonable basis for denial").

     Defendant attached documents to its answer. But "[d]ocuments attached to an answer are generally not properly treated as part of the pleadings for purposes of ruling on a motion to dismiss." Robinson v. Medevac Midamerica, Inc., 2006 WL 2726794, at *1 (D. Kan. Sept. 22, 2006).

Even if the court were to consider the exhibits attached to State Farm's amended answer, these documents do not conclusively establish that the checks plaintiffs received constituted a valid accord and satisfaction.[2]  Exhibit 1 is a fax cover sheet written by plaintiffs' counsel to Robin Bryant, a State Farm claim representative, which states that "Toni Pochat will accept the $14,500.00 offer to settle the UM claim for her as long as it could be Fed Ex'ed to us right away."  Docket 6-2.  Exhibit 2 is a letter from Bryant to plaintiffs' counsel, referencing Toni Pochat and stating that a $14,500.00 check is enclosed "in settlement of your client's Uninsured Motorist Claim."  Docket 6-3.  Exhibit 3 is a packaging label, demonstrating that Bryant sent the check and letter by Fed Ex.  Docket 6-4.  Exhibit 4 is a letter from Bryant to plaintiffs' counsel, referencing Sebastien Pochat and stating that a $25,000.00 check is enclosed "in settlement of your client's Uninsured Motorist Claim."  Docket 6-5.

Under South Dakota law, "a party may waive his right to sue if he accepts a settlement check for a disputed amount with full knowledge that

---

[2] Both parties submitted extrinsic exhibits along with their briefs.  Dockets 20, 21.  The court will not consider these exhibits at this time because a Rule 12(b) motion to dismiss is not the proper legal context for considering these documents.  Although a 12(b) motion can be converted to a motion for summary judgment if matters outside the pleadings are presented to and not excluded by the court, the court declines to consider these documents at this time.  See Casazza v. Kiser, 313 F.3d 414, 417 (8th Cir. 2002).  The documents can properly be submitted at a later time in the context of a Rule 56 summary judgment motion.

the check is to act as complete payments for the debt." <u>Drier v. Great American Ins. Co.</u>, 409 N.W.2d 357, 359 (S.D. 1987), <u>overruled on other grounds</u>, <u>Dunes Hospitality, L.L.C. v. Country Kitchen Int'l, Inc.</u>, 623 N.W.2d 484 (S.D. 2001). In the context of an insurance settlement, the same general rule applies. "[A]n insured's acceptance of a check from his insurance company in settlement of a disputed sum may constitute an accord and satisfaction." <u>Id.</u> But " 'settlements and releases are contractual agreements subject to rescission under the same grounds as any other contract.' " <u>Dunes Hospitality, LLC v. Country Kitchen Int'l, Inc.</u>, 623 N.W.2d 484, 489 (S.D. 2001). The South Dakota Supreme Court has recognized that one ground for rescission is economic duress, but that "[t]he doctrine of economic duress applies only to special, unusual, or extraordinary situations in which unjustified coercion is used to induce a contract . . . under such circumstances that the victim has little choice but to accede." <u>Id.</u> For a party to successfully assert economic duress, the party must prove that (1) he or she involuntarily accepted the terms of another, (2) the circumstances permitted no other reasonable alternative, and (3) the circumstances were the result of a coercive wrongful act of the opposite party. <u>Id.</u>

  In their complaint, plaintiffs allege that State Farm unreasonably delayed the payment of plaintiffs' first party uninsured benefits, which plaintiffs were in dire financial need to receive. Plaintiffs further allege that

State Farm knew that they were struggling financially and used that fact to force them to accept an unreasonable uninsured claim payment. Assuming all allegations in the complaint are true, plaintiffs have properly asserted the elements necessary to constitute economic duress. Plaintiffs have alleged that they involuntarily accepted the terms of State Farm's uninsured claim payment; that due to their financial circumstances, there was no reasonable alternative; and that their financial situation was the result of State Farm's bad faith failure to pay their claims. State Farm has not proved beyond a doubt that plaintiffs "can prove no set of facts which would entitle" them to relief. Accordingly, State Farm's motion to dismiss is denied.

Based on the foregoing, it is hereby

ORDERED that defendant's motion to dismiss (Docket 8) is denied.

Dated October 22, 2008.

>BY THE COURT:
>
>/s/ *Karen E. Schreier*
>KAREN E. SCHREIER
>CHIEF JUDGE